# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-19-114-G ) |
| RICHARD B. NEALY, II, | ) ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant's Motion to Withdraw Guilty Plea (Doc. No. 31), to which the United States has responded (Doc. No. 33). On February 12, 2020, and—after appointment of substitute counsel—on February 26, 2020, the Court held an evidentiary hearing on the Motion. Upon consideration of the evidence and the parties' arguments, the Court denies the Motion.

I. BACKGROUND

By Indictment filed April 17, 2019, Defendant was charged with one count of concealment of facts impacting supplemental security income in violation of 42 U.S.C. § 1383a(a)(3) ("Count One"), two counts of theft of public money in violation of 18 U.S.C. § 641, and one count of making false statements in violation of 18 U.S.C. § 1001(a)(3). Defendant initially pled not guilty to the charges against him as set forth in the Indictment. On September 10, 2019, Defendant entered into a plea agreement with the United States, pursuant to which Defendant pled guilty to Count One of the Indictment and the United

States sought dismissal of the remaining three counts. Defendant filed the instant Motion on January 23, 2020, seeking to withdraw his plea of guilty to Count One.

## II. DISCUSSION

Under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea after the court accepts the plea but before the court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden of establishing "a fair and just reason" lies with the defendant. *See United States v. Black*, 201 F.3d 1296, 1299 (10th Cir. 2000). In determining whether a defendant has met this burden, courts consider the following factors:

> (1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources.

*United States v. Marceleno*, 819 F.3d 1267, 1272 (10th Cir. 2016) (internal quotation marks omitted).

### a. Assertion of Innocence

Defendant now contends that he is innocent. An assertion of innocence is a fair and just reason for withdrawal of a guilty plea but only if the assertion is "credible." *See Marceleno*, 819 F.3d at 1273.

In his Motion, Defendant asserts that he pled guilty "not because he believed he was guilty," but because he "understood the benefit of minimizing the potential risks inherent in convictions of multiple counts, should he be convicted at trial." Def.'s Mot. at 3-4. This statement "may indicate he made a strategic decision to plead guilty and then had buyer's

2

remorse, but [it] do[es] not show an assertion of innocence." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1259 (10th Cir. 2014).

When questioned at the hearing, Defendant more plainly asserted that he was factually innocent. Specifically, Defendant states that the Government's allegation that Defendant had misrepresented his living arrangement with his spouse—a wife whose income, if attributed to Defendant, would exclude him from eligibility for SSI benefits—was untrue. Defendant admitted to living with his wife intermittently for periods of two or three weeks during the years he received benefits, but testified that he had not lived with his wife for more than one month at a time during that period. The Court finds that Defendant's testimony falls short of a credible assertion of innocence, as Defendant did not demonstrate the legal significance of this one-month delineation, and the record is replete with evidence establishing the factual basis for the offense, including Defendant's own admissions to those facts.

The United States submitted a written statement from October 2018 in which Defendant confessed to the Social Security Administration ("SSA") that he had lived with his wife for nearly the entire period of 2003 through 2018 and that he had intentionally lied to the SSA regarding that fact to ensure continued benefits. Defendant's Petition to Enter Plea of Guilty, executed by Defendant under penalty of perjury, contains substantially the same admission: "Between approximately October 2002 and October 2018, . . . I failed to disclose to the Social Security Administration accurate information about my household, including reporting changes, in particular when my wife and I were living together, knowing that this fact impacted my eligibility to receive SSI benefits." Doc. No. 25, at 11.

3

The United States also submitted SSA forms showing that Defendant had lied about his marital status in 2005 and 2009 and had indicated that he did not live with a spouse. To establish the falsity of Defendant's statements regarding his living arrangements, the United States submitted the following: a 2002 mortgage, a 2007 joint tenancy warranty deed, and a 2012 lease agreement executed by both Defendant and his wife; an SSA investigator's report of an interview with Defendant's son in which the son stated that Defendant and his wife had jointly occupied their Moore, Oklahoma residence since 2016; and photographs of two Cadillac Escalades driven by Defendant and his wife parked in the garage of their residence in Moore, Oklahoma.

The Court finds that the "quality and power of [Defendant's] factual argument to inspire belief is not strong enough," in light of the countervailing evidence, to weigh the assertion-of-innocence factor in Defendant's favor. *Marceleno*, 819 F.3d at 1276.

      b. <u>Prejudice to the Government</u>

The United States contends that it undertook substantial preparations for trial, including securing and preparing witnesses, and that this work would have to be redone if Defendant is permitted to withdraw his plea. As the Tenth Circuit has recognized, "forcing [the United States] to undergo much of the same process it already has completed" would likely be prejudicial. *United States v. Siedlik*, 231 F.3d 744, 749 (10th Cir. 2000); *see United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996). Therefore, this factor weighs against Defendant.

c. Delay by Defendant

Defendant filed his Motion some four months after he entered his change of plea. Defendant's counsel advised the Court, however, that Defendant first broached the possibility of a plea withdrawal less than three weeks after his change of plea but that she delayed filing the instant Motion because she "intended to obtain additional, relevant, factual information before definitively advising [Defendant]." Def.'s Mot. at 4. Defendant also testified to this effect at the hearing. The Court finds, therefore, that the timing of Defendant's Motion was reasonable and no "delay" should be held against Defendant.

d. Inconvenience to the Court

While "some degree of inconvenience to the court from a plea withdrawal is inevitable," including the "disruption of its docket and consequent delays in other pending cases," any inconvenience to the Court in trying this case would not be great. *Carr*, 80 F.3d at 420-21.

e. Assistance of Counsel

Defendant has been assisted by counsel throughout this case. At the change of plea hearing, Defendant acknowledged that he was completely satisfied with the quality of service provided by his attorney. Defendant further testified that he had not been threatened into making his guilty plea or promised any sort of benefit.

At the hearing on the instant Motion, Defendant was unable to identify any inaccuracies in his attorney's statements to him regarding his change of plea. His disagreement with her merely regarded her opinion as to his prospects at trial and the

5

advisability of a guilty plea. Defendant presented nothing to suggest that his counsel's assistance was in any way inadequate. Accordingly, this factor weighs against Defendant.

  f. <u>Knowing and Voluntary Plea</u>

"To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (internal quotation marks omitted). Defendant does not argue that he misunderstood the meaning or consequences of his guilty plea. Rather, Defendant testified that he felt pressure to accept the plea agreement because of the potential consequences of a jury conviction on multiple counts. Defendant testified that if he had had more time for consideration, he would not have pled guilty.

In his Petition to Enter Plea of Guilty, Defendant informed the Court under penalty of perjury that he had had enough time to talk with his attorney about the case and the plea agreement and that he was satisfied with her services. Defendant informed the Court that he understood the charges against him and the maximum statutory sentence that could be imposed. Defendant further certified that his plea of guilty and waiver of rights were made "voluntarily and completely of [his] own free choice, free of any force or threats or pressures." Doc. No. 25, at 9; *see* Doc. No. 26.

Further, at his change of plea hearing, the Court—after placing Defendant under oath and warning Defendant of the importance of the choice of pleading guilty ("[G]enerally speaking, this is a choice that you cannot take back." Tr. of Proceedings Held on Sept. 13, 2019 (Doc. No. 32) at 4)—inquired into Defendant's education and competency and determined that Defendant was competent to enter a plea of guilty. The

Court, after inquiry, determined that Defendant had had an adequate opportunity to read the Indictment and discuss all the charges against him with his attorney and that Defendant fully understood the charge to which he was pleading guilty (Count One) and the potential range of punishment that would apply if he were convicted of that crime. Defendant was advised of his right to a jury trial and other associated Constitutional rights, and waived those rights in writing and orally. Defendant assured the Court that he had reviewed the plea agreement and had discussed it with his attorney before signing it. He further testified that he had not been threatened into pleading guilty and that he was satisfied with the quality of services provided by his attorney. When asked how he pled as to Count One, Defendant responded: "Guilty." Regarding the factual basis for his plea of guilty, the following colloquy was had between the Government's attorney and Defendant:

> MR. FARRIOR: Did you understand you had an obligation to tell the Social Security Administration about all the people living with you so they could determine your household income and your right to receive those benefits?
>
> THE DEFENDANT: Yes.
>
> MR. FARRIOR: Did you live with your wife, Katina Nealy, for periods that exceeded 30 days during the time that you received Supplemental Security Income benefits?
>
> THE DEFENDANT: Yes.
>
> MR. FARRIOR: And that includes within the last three years; is that correct?
>
> THE DEFENDANT: Yes.
>
> MR. FARRIOR: Did you understand that your wife's income disqualified you from receiving Supplemental Security Income benefits during the times that she was living with you?
>
> THE DEFENDANT: Yes.

> MR. FARRIOR: Did you intentionally conceal from the Social Security Administration the fact that your wife lived with you?
>
> THE DEFENDANT: Yes, I guess.
>
> MR. FARRIOR: Did you do so for the purpose of receiving benefits that you would otherwise not be entitled to?
>
> THE DEFENDANT: Oh. Yes, I guess so.

*Id*. at 17-18. After Defendant reiterated his intent to plead guilty to Count One of the Indictment, the Court accepted the plea, specifically finding that Defendant was "knowingly and voluntarily entering his plea of guilty to Count 1 of the Indictment." *Id*. at 19.

At no point since has Defendant provided evidence that he was "mistaken as to the essential terms of the plea agreement," *Marceleno*, 819 F.3d at 1276, or that his attorney "materially misinform[ed] [him] of the consequences of the plea," *Carr*, 80 F.3d at 418 (internal quotation marks omitted). Accordingly, this factor weighs against Defendant.

### g. Waste of Judicial Resources

Though it does not appear that a substantial waste of judicial resources would result from the withdrawal of the Defendant's guilty plea, "some waste of judicial resources from a plea withdrawal is inevitable." *Id.* at 421. This consequence "must be taken into account and does weigh against [Defendant]." *Id.*

## CONCLUSION

Defendant has not credibly asserted that he is innocent and has not shown that his plea of guilty was less than knowing and voluntary. Further, the majority of the remaining factors discussed above weigh against Defendant. The Court therefore finds that Defendant

> MR. FARRIOR: Did you intentionally conceal from the Social Security Administration the fact that your wife lived with you?
>
> THE DEFENDANT: Yes, I guess.
>
> MR. FARRIOR: Did you do so for the purpose of receiving benefits that you would otherwise not be entitled to?
>
> THE DEFENDANT: Oh. Yes, I guess so.

*Id*. at 17-18. After Defendant reiterated his intent to plead guilty to Count One of the Indictment, the Court accepted the plea, specifically finding that Defendant was "knowingly and voluntarily entering his plea of guilty to Count 1 of the Indictment." *Id*. at 19.

At no point since has Defendant provided evidence that he was "mistaken as to the essential terms of the plea agreement," *Marceleno*, 819 F.3d at 1276, or that his attorney "materially misinform[ed] [him] of the consequences of the plea," *Carr*, 80 F.3d at 418 (internal quotation marks omitted). Accordingly, this factor weighs against Defendant.

### g. Waste of Judicial Resources

Though it does not appear that a substantial waste of judicial resources would result from the withdrawal of the Defendant's guilty plea, "some waste of judicial resources from a plea withdrawal is inevitable." *Id.* at 421. This consequence "must be taken into account and does weigh against [Defendant]." *Id.*

## CONCLUSION

Defendant has not credibly asserted that he is innocent and has not shown that his plea of guilty was less than knowing and voluntary. Further, the majority of the remaining factors discussed above weigh against Defendant. The Court therefore finds that Defendant

has failed to meet his burden of demonstrating a fair and just reason for the requested withdrawal of his plea of guilty to Count One of the Indictment. Accordingly, Defendant's Motion to Withdraw Guilty Plea (Doc. No. 31) is DENIED.

IT IS SO ORDERED this 9th day of March, 2020.

_____
CHARLES B. GOODWIN
United States District Judge